**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2789-17T3

MARY D. DIBERNARDO,

     Plaintiff-Respondent,

v.

RANDY J. DIBERNARDO,

     Defendant-Respondent.

_____

        Submitted September 13, 2018 – Decided November 2, 2018

        Before Judges Simonelli and DeAlmeida.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Gloucester County, Docket No. FM-08-0348-11.

        Hoffman DiMuzio, attorneys for appellant Eric M. Sulock (Charles J. Sprigman, Jr., on the brief).

        Respondents have not filed briefs.

PER CURIAM

By leave granted, non-party appellant Eric M. Sulock appeals the December 22, 2017 order of the Chancery Division denying his motion to quash a subpoena. We dismiss the appeal as moot.

This appeal arises from post-judgment proceedings in a divorce action. Defendant Randy J. DiBernardo sought termination of his alimony obligation based on the cohabitation of his ex-spouse, plaintiff Mary D. DiBernardo, with appellant. After a hearing, the trial court found that defendant made a prima facie showing of cohabitation based on evidence that plaintiff had several overnight stays at appellant's house during a two-month period. The court permitted depositions of both parties and appellant, and "extensive financial discovery of the parties."

Defendant thereafter served a subpoena on appellant noticing appellant's deposition and demanding production of bank account statements, cancelled checks, check registers, credit card statements, and phone records for a two-year period. Appellant moved to quash the portion of the subpoena seeking the production of documents or, in the alternative, for in camera review of the documents and other measures to protect his privacy. He argued that the subpoena is overly broad, oppressive, and will require production of his medical and business records.

A-2789-17T3

On December 22, 2017, the trial court denied the motion, in part, and granted the motion, in part. Although declining to quash the subpoena in its entirety, the trial court ordered that appellant may segregate materials he believes directly relate to his business, or purely personal matters, such as medical procedures, from the document production, and forward those materials to the court for in camera review. In addition, the court ordered non-disclosure by counsel and the parties of the documents produced by appellant.

We granted appellant's motion for leave to appeal. After appellant filed his merits brief, defendant withdrew his demand for documents from appellant, although he did not withdraw his demand for appellant's deposition. In light of these developments, the issues about which the court granted leave to appeal have been rendered moot, warranting dismissal. See R. 2:8-2.

The appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2789-17T3